THE H. D. LEE MERCANTILE COMPANY v. MACE CHAPMAN.

No. 359.*    (58 Pac. 125.)

1. ATTACHMENT — *Wrongful Seizure — Liability of Plaintiff.*
The plaintiff in an action of attachment is not liable for the wrongful conduct of the officer in executing the writ, unless he directs or in some manner is responsible for the same. But where the plaintiff has notice of the claim of a third party to the property, causes the same to be sold, receives the proceeds of the sale and converts the same to his own use he adopts the action of the officer as his own, and is responsible to the party injured for the value of the property or the value of his interest therein.

2. ———— *Evidence Examined.* The evidence examined, and *held*, that the verdict and judgment are supported by the evidence.

* Petition for order to certify denied by supreme court September 16, 1899.—REP.

Error from Saline district court; R. F. Thompson, judge.   Opinion filed July 18, 1899.   Affirmed.

*Bond & Osborn*, for plaintiff in error.
*Mohler & Hiller*, for defendant in error.

The opinion of the court was delivered by

McElroy, J. : This action was instituted by the defendant in error Mace Chapman against the H. D. Lee Mercantile Company for the alleged conversion of a stock of merchandise.   A trial was had before the court and a jury which resulted in a verdict and judgment for the plaintiff.   Defendant excepted, and presents the case to this court for review.

The only question presented by the assignments of error is upon the sufficiency of the testimony to support the verdict and judgment of the trial court. The plaintiff in error insists that it is not responsible for any wrong committed by the sheriff, if any was committed, by the levy, possession, sale and disposition of the property and proceeds of sale, for the reason that there is no evidence that it directed the levy or was responsible for the same.   In January, 1896, the mercantile company commenced an attachment suit against one Dan Chapman and caused an order of attachment to issue, which was levied upon the stock of goods in question.   At the time of the levy Mace Chapman was in possession of the goods, and he informed the officer of his claim under the mortgage.   The stock was largely composed of perishable property ; at the request of the mercantile company an order of sale was issued, the property sold thereunder, and the proceeds of sale turned over to the mercantile company.

Lee v. Chapman.

It is true the plaintiff in an action is never liable for the wrongful conduct of the sheriff in executing the writ unless he directs or is in some manner responsible for such conduct, but where the plaintiff has notice of the claim of a third party to the property and causes the same to be sold and receives the proceeds of the sale, he is responsible; he adopts the action of the officer as his own, and is responsible to the party injured. The plaintiff in error did not defend in the trial court upon the theory that it was not responsible for the action of the sheriff in the appropriation of the property and the proceeds thereof, but defended upon the theory that the mortgage under which the defendant in error claimed was without consideration, fraudulent, and void.

It is further insisted that defendant in error was not entitled to the possession of the property, for the reason that he held only a second mortgage. The evidence tends to show that he was in possession of the property under both the first and second mortgages. The plaintiff in error did not claim to hold by virtue of the first mortgage, but as against both the first and second mortgages. The verdict and judgment are supported by the evidence. The demurrer was properly overruled.

The judgment is affirmed.